# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Heather Patterson, a minor, by and )
through Ray Patterson and Deanna )
Patterson, her parents and next friends, )
                                         )
            Plaintiff, )
                                         )
v.                                       )   Case No.09 cv 4058
                                         )
Lane & Lane LLC and                      )
Stephen I. Lane,                         )   **JURY TRIAL DEMANDED**
                                         )
           Defendants. )

## COMPLAINT

### COUNT I - LEGAL MALPRACTICE

1. Plaintiff Heather Patterson is a minor and the daughter of Ray and Deanna Patterson. The Pattersons are citizens of the state of Texas.

2. Defendant Lane & Lane LLC is, on information and belief, a limited liability corporation none of whose members are citizens of the state of Texas.

3. Defendant Stephen I. Lane is, on information and belief, a citizen of the state of Illinois, a lawyer, and a member of Lane & Lane LLC.

4. This Court has jurisdiction over this case under 28 U.S.C. §1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

5. Heather Patterson was born in Alexian Brothers Medical Center on March 10, 1995. Rhonda Williams, M.D., was the doctor who delivered Heather.



EXHIBIT C

6. Dr. Williams, a physician licensed by the state of Illinois, had a duty to exercise due care and caution in the examination, diagnosis and treatment of Deanna and Heather Patterson.

7. In the examination, treatment or diagnosis of Deanna and Heather Patterson, Dr. Williams, individually or through her agents, negligently:

   a) failed to deliver Heather Patterson by operative delivery;

   b) exerted unnecessary and excessive force and traction on the bodies of Deanna and Heather Patterson;

   c) instructed nursing or other hospital staff to apply fundal pressure upon the abdomen of Deanna Patterson; and

   d) otherwise mismanaged the labor, delivery, birth and neonatal care of Heather Patterson.

8. As a direct and proximate result of these acts, Heather Patterson suffered injuries of a personal and pecuniary nature, including but not limited to Erb's Palsy, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

9. Alexian Brothers is a medical facility that provides hospital rooms, laboratories, technicians, resident physicians and physician and nursing services for patients such as Deanna and Heather Patterson. Alexian Brothers' nurses, physicians and resident physicians were involved in the management of Deanna Patterson's labor and Heather Patterson's birth.

10. Alexian Brothers had a duty to exercise due care and caution in the care and treatment of Deanna and Heather Patterson.

11.  In the care and treatment of Deanna and Heather Patterson, Alexian Brothers, through its agents, negligently:

   e) failed to deliver Heather Patterson by operative delivery;

   f) exerted unnecessary and excessive force and traction on the bodies of Deanna and Heather Patterson;

   g) instructed nursing or other hospital staff to apply fundal pressure upon the abdomen of Deanna Patterson; and

   h) otherwise mismanaged the labor, delivery, birth and neonatal care of Heather Patterson.

12.  As a direct and proximate result of these acts, Heather Patterson suffered injuries of a personal and pecuniary nature, including but not limited to Erb's Palsy, lost wages, medical expenses, pain and suffering, and physical and emotional trauma, all of which are permanent.

13.  As a result of the injuries that Heather suffered during labor and delivery, Ray and Deanna Patterson retained the defendants in this case to file a medical malpractice lawsuit on her behalf against Alexian Brothers and Dr. Williams. The defendants knew on the date they were retained by the Pattersons that Heather had been born on March 10, 1995, and that the statute of limitations began to run on that date.

14.  Under Illinois law, the statutes of limitations and repose applicable to a suit for damages arising out of injuries suffered by persons who, like Heather Patterson, were injured during labor and delivery, required that any such suit be filed within eight years of the child's birth or, in this case, by March 10, 2003.

15. Although they were retained by the Pattersons in plenty of time to file a suit on Heather's behalf by the statutory deadline, the defendants negligently failed to file the suit by that deadline. Instead, they did not file the suit on March 12, 2003, two days after the deadline had run.

16. On April 16, 2008, the defendants dismissed the Pattersons' suit against Alexian Brothers and Dr. Williams with leave to refile it within one year.

17. In early 2009, the defendants began to pressure the Pattersons to settle their claim against Alexian Brothers and Dr. Williams prior to the April 16, 2009, deadline for refiling the suit.

18. Ultimately, the defendants solicited from Alexian Brothers and Dr. Williams a settlement offer of $170,000. They represented to the Pattersons that this was "the best we can do" and that "all things considered" it was "a very good outcome for the case" and that they "definitely recommend[ed]" that the Pattersons accept it. Based on these representations, the Pattersons accepted the $170,000 offer and settled their claims against Alexian Brothers and Dr. Williams.

19. The $170,000 offer that the Pattersons accepted was substantially less than the amount they would have received either by way of settlement or at trial had the defendants filed the suit on or before March 10, 2003.

20. As the attorneys for the Pattersons, the defendants had a duty to competently represent them, and to exercise that degree of knowledge, care, skill, ability, prudence and diligence that is ordinarily possessed and exercised by other

4

Case 1:09-cv-04058   Document 1   Filed 07/07/2009   Page 5 of 9

attorneys licensed to practice law in the states of Illinois who hold themselves out as having expertise in medical malpractice actions.

21.  The defendants breached their duties to the Pattersons by negligently failing to file the suit within eight years of Heather's birth.

22.  As a direct and proximate result of the defendants' breach of duty, the Pattersons were damaged in that they were forced to settle Heather's suit against Alexian Brothers and Dr. Williams for far less than they would have been able to receive in settlement or at trial.

**WHEREFORE**, plaintiff Heather Patterson, a minor, by and through Ray Patterson and Deanna Patterson, her parents and next friends, prays for judgment against Lane & Lane LLC and Stephen I. Lane, jointly and severally, in an amount to be proven at trial, but in no event less than $75,000.00, for the costs of this suit, and for such further relief as the Court deems just and equitable.

## COUNT II – BREACH OF FIDUCIARY DUTY

23.  For paragraph 23 of count II, the plaintiffs incorporate by reference the allegations of paragraphs 1-22 of count I.

24.  Recognizing that they had acted negligently by filing the suit against Alexian Brothers and Dr. Williams too late, and knowing that as a consequence of that error the suit would likely be dismissed with prejudice, the defendants in this suit recommended to the Pattersons that they claim that Heather was "physically, mentally and intellectually disabled" and that, as a result, she was "entirely without understanding or capacity to make or communicate decisions regarding her

5

person . . . totally unable to manage her person, property, estate or financial affairs, and [that she] could not comprehend her rights or the nature of the act giving rise to her cause of action."

25. The defendants proposed to make this claim solely in an effort to avoid the consequences of their own negligence and so to advance their own interests at the expense of those of their clients. They did not explain to the Pattersons that making this claim was necessary solely to overcome their own error in not filing the suit on a timely basis, or that making the claim would: (1) substantially complicate the litigation, increase the cost to the Pattersons of litigating it, and dramatically reduce the settlement value of the suit; (2) force the Pattersons to attempt to prove additional facts that they would not otherwise have had to try to prove in order to be successful in the litigation; and (3) impose adverse consequences on the Pattersons by stigmatizing Heather with an unnecessary characterization of her physical and mental condition.

26. The defendants did in fact amend the suit by making the claim that Heather was "physically, mentally and intellectually disabled" and that, as a result, she was "entirely without understanding or capacity to make or communicate decisions regarding her person . . . totally unable to manage her person, property, estate or financial affairs, and [that she] could not comprehend her rights or the nature of the act giving rise to her cause of action."

27. Making this claim substantially increased the time that the Pattersons were required to devote to the case, as well as the costs of prosecuting it (for which they were ultimately responsible).

28. In addition, the claim unnecessarily and permanently stigmatized Heather as being "physically, mentally and intellectually disabled" as well as "entirely without understanding or capacity to make or communicate decisions regarding her person . . . totally unable to manage her person, property, estate or financial affairs, and [unable to] comprehend her rights or the nature of the act giving rise to her cause of action."

29. Although the court permitted the defendants to take the position that Heather was "physically, mentally and intellectually disabled" and "entirely without understanding or capacity to make or communicate decisions regarding her person . . . totally unable to manage her person, property, estate or financial affairs, and [unable to] comprehend her rights or the nature of the act giving rise to her cause of action," Alexian Brothers and Dr. Williams vigorously contested that claim, and repeatedly made clear their belief that judgment on it would be entered in their favor either as a matter of law prior to trial or on the evidence presented at trial. As a result of this position, the amount that the Pattersons could expect to receive in settlement of the case was dramatically reduced.

30. By making the claim that Heather was "physically, mentally and intellectually disabled" and therefore "entirely without understanding or capacity to make or communicate decisions regarding her person . . . totally unable to manage

7

her person, property, estate or financial affairs, and [that she] could not comprehend her rights or the nature of the act giving rise to her cause of action" the defendants acted solely in an effort to overcome their own negligence and notwithstanding the substantial additional costs that it would impose on their clients, the Pattersons. Accordingly, in so acting, the defendants breached the fiduciary duty of loyalty that they owed to the Pattersons.

31. The defendants' breach of fiduciary duty substantially increased the time that the Pattersons were required to devote to the case and the costs of prosecuting it (for which they were responsible), forced them to attempt to prove additional facts, and unnecessarily stigmatized Heather. In addition, as a further direct and proximate result of the defendants' breach of fiduciary duty, the Pattersons were damaged in that they were forced to settle Heather's suit against Alexian Brothers and Dr. Williams for far less than they would have been able to receive in settlement.

**WHEREFORE**, plaintiff Heather Patterson, a minor, by and through Ray Patterson and Deanna Patterson, her parents and next friends, prays for judgment against Lane & Lane LLC and Stephen I. Lane, jointly and severally, in an amount to be proven at trial, but in no event less than $75,000.00, for the costs of this suit, and for such further relief as the Court deems just and equitable.

### Demand for Jury Trial

Plaintiffs demand a jury trial on all issues so triable.

By:     /s/Robert F. Coleman
         One of Plaintiffs' Attorneys

Robert F. Coleman (Member of the Trial Bar)
Eugene J. Schiltz
Cassandra A. Crotty
Coleman Law Firm
77 West Wacker Drive, Suite 4800
Chicago, Illinois 60601-1812
Tel: (312) 444-1000
Firm No.: 48544

Case 1:09-cv-0`58   Document 4   Filed 07/09/20`   Page 1 of 1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 3.2.2
### Eastern Division

Heather Patterson

                          Plaintiff,

v.                                        Case No.: 1:09-cv-04058
                                                   Honorable Samuel Der-Yeghiayan

Lane & Lane LLC, et al.

                          Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, July 9, 2009:

    MINUTE entry before the Honorable Samuel Der-Yeghiayan: Initial status hearing set for 09/09/09 at 9:00 a.m. At least four working days before the initial status hearing, the parties shall conduct a FRCP 26(f) conference and file a joint written Initial Status Report, not to exceed five pages in length, and file the Court's Joint Jurisdictional Status Report and deliver courtesy copies to this Court's chambers. The Court's standing orders on the Initial Status Report and Joint Jurisdictional Status Report maybe obtained from Judge Der-Yeghiayan's web page or from this Court's Courtroom Deputy. Counsel for the Plaintiff is warned that failure to serve summons and complaint on Defendants will result in a dismissal of the action and/or a dismissal of that Defendant not properly served pursuant to FRCP 4. Counsel for Plaintiff is further directed to file with the Clerk of Court, the appropriate returns of service and/or waivers of service. Mailed notice (mw,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.