# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HEATHER PATTERSON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 09 C 4058 |
| | ) |
| LANE & LANE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' cross-motions for summary judgment. For the reasons stated below, Plaintiffs' partial motion for summary judgment is granted and Defendants' motion for summary judgment is denied.

## BACKGROUND

Plaintiff Heather Patterson (Heather) was born in 1995. She was allegedly delivered by Rhonda Williams, M.D. (Williams) at Alexian Brothers Medical Center (Alexian). Williams and Alexian's staff were allegedly negligent in overseeing the birth, and as a result, Heather suffered various injuries including Erb's Palsy. Heather's parents, Plaintiff Ray Patterson and Plaintiff Deanna Patterson, hired

1

Defendant Stephen Lane (Lane) at Defendant Lane & Lane, LLC in order to file a medical malpractice suit on Heather's behalf against Alexian and Williams for the injuries resulting from the circumstances of their daughter's birth. Plaintiffs allegedly contacted Defendants about representation in October 2001.

According to Plaintiffs, Lane did not file a suit (Medical Malpractice Action) until March 12, 2003, two days after the 8-year Illinois statute of repose had lapsed. Plaintiffs contend that due to Defendants' negligence, the Medical Malpractice Action proceeded slowly over the next five years. Lane allegedly convinced Plaintiffs to bring a new claim contending that Heather was without the intellectual capacity to understand that she possessed a claim in order to avoid the statute of limitations bar.

On April 16, 2008, Defendants allegedly were allowed by the state court to dismiss the Medical Malpractice Action with leave to reinstate within one-year. In early 2009, Lane allegedly pressured Plaintiffs to settle the case before the one year reinstatement deadline. Lane allegedly negotiated a settlement with Alexian and Williams for $170,000 and Plaintiffs agreed to and accepted this settlement offer based on the recommendation of Lane. However, Plaintiffs then hired new counsel and they discovered that the settlement amount was much less than they would have been able to recover if Lane had brought the Malpractice Action in a timely fashion.

Plaintiffs also claim that they discovered that Defendants did not efficiently proceed in the Malpractice Action, costing Plaintiffs excessive amounts of legal fees. Plaintiffs acknowledge that their new counsel ultimately finalized the settlement for $170,000.

Plaintiffs brought the instant action against Defendants and include in their complaint legal malpractice claims (Count I), and breach of fiduciary duty claims (Count II). Plaintiffs now move for partial summary judgment on the issue of whether Defendants breached the standard of care by failing to initiate the Medical Malpractice Action within the 8-year statute of repose. Defendants move for summary judgment on all claims.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material

fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). In ruling on a motion for summary judgment, the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). When there are cross motions for summary judgment, the court should "construe the evidence and all reasonable inferences in favor of the party against whom the motion under consideration is made." *Premcor USA, Inc. v. American Home Assurance Co.*, 400 F.3d 523, 526-27 (7th Cir. 2005).

**DISCUSSION**

I. Plaintiffs' Partial Motion for Summary Judgment

Plaintiffs move for summary judgment on the issue of negligence. Plaintiffs contend that the failure by Defendants to file the Medical Malpractice Action on or before March 10, 2003 was negligent. Defendants argue that there is not sufficient evidence that shows that Defendants were negligent and that the doctrine of judicial estoppel applies.

A. Negligence by Defendants

Plaintiffs contend that the undisputed facts show that Defendants were negligent in failing to initiate the Medical Malpractice Action in a timely fashion. For a legal malpractice claim brought under Illinois law, a plaintiff must "prove that the defendant attorneys owed the client a duty of due care arising from the attorney-client relationship, that the defendants breached that duty, and that as a proximate result, the client suffered injury." *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 856 N.E.2d 389, 394 (Ill. 2006). Generally, expert testimony is required to establish the appropriate standard of care and to show that it was breached. *See Barth v. Reagan*, 564 N.E.2d 1196, 1200 (Ill. 1990)(stating that "[f]ailure to present expert testimony is *usually* fatal to a plaintiff's legal malpractice action")(emphasis added). However, in the instant action, Defendants have not contested the relevant facts regarding the alleged negligent conduct and have not pointed to any evidence upon which a trier of fact could conclude other than that Defendants were negligent.

Defendants admit that in October 2001, Plaintiffs contacted Defendants about investigating their potential medical malpractice action and that by April 2002, Plaintiffs had signed a retention agreement with L&L. (R PSF Par. 8). Defendants do not deny that they were aware that Heather was born on March 10, 1995. (S PSF Par. 11). It is also undisputed that Defendants filed the complaint in the Medical Malpractice Action, on March 12, 2003, which was eight years and two days after Heather's birth. (R PSF Par. 12). Nor have Defendants contested the fact that the statute of repose for a medical malpractice claim under Illinois law is eight years or

5

that the Medical Malpractice Action was filed two days after the statute of repose deadline. (R PSF Par. 11, 12); 735 ILCS 5/13-212. Defendants have failed to present any evidence or point to any exigent circumstances or ambiguities in the law that would explain their failure to file the Medical Malpractice Action within the statute of repose. The undisputed evidence shows that only later after the untimely filing of the Medical Malpractice Action, and after the defendants in that action filed a motion to dismiss based on the statute of repose, Defendants amended the complaint to include allegations that Heather suffered "mental incapacity" and that the statute of repose should have been tolled. (R PSF Par. 14-17). Based on the fact that Defendants do not contest that they had knowledge of the claims in time to file within the statute of repose period, the admission by Defendants of the untimely filing, and the absence of any evidence to justify the untimely filing, the court finds as a matter of law that Defendants breached the standard of care by failing to initiate the Medical Malpractice Action within the 8-year statute of repose.

 B. Judicial Estoppel

 Defendants argue in their response to Plaintiffs' motion for summary judgment that the court should deny Plaintiffs' motion for summary judgment, arguing that Plaintiffs are judicially estopped from asserting that Heather was not legally disabled. Defendants claim that Plaintiffs cannot prevail unless they show that Heather was not legally disabled. A court invokes the equitable doctrine of judicial estoppel at its discretion. *See, e.g., In re Airadigm Commc'ns*, 616 F.3d 642,

661 (7th Cir. 2010); *Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 887 (7th Cir. 2004). The doctrine of judicial estoppel serves to maintain the integrity of the judicial process. *In re Airadigm Commc'ns*, 616 F.3d at 661. Although there is no "formula for determining the applicability of judicial estoppel," factors that are generally considered are: (1) whether "a party's later position" is "clearly inconsistent with its earlier position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled," and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

    1.  Testimony as to Being Legally Disabled

In the instant action, Defendants argue that Plaintiffs argued in the Medical Malpractice Action that Heather was legally disabled and Plaintiffs cannot now change their position and argue that Heather is not legally disabled. However, as Plaintiffs point out, Plaintiffs merely presented testimony during depositions and affidavits as to factual observations. Such testimony and affidavits were elicited by Defendants. Plaintiffs were represented by Defendants in the Medical Malpractice Action and Plaintiffs, as lay persons, never made any specific representations as to the legal conclusion of whether Heather was legally disabled. To the extent that such

7

a legal position was presented in the Medical Malpractice Action, it was presented by Defendants as counsel for Plaintiffs. In addition, while generally a party is held accountable for the actions of the party's counsel, such a rule would not be applicable in a legal malpractice action. It would not make any logical sense to conclude that Defendants are somehow protected from liability because Plaintiffs followed their advice in the prior action. It is precisely the advice of Defendants to Plaintiffs in that prior action that is the basis of the instant action.

2. Reliance on Position to Prevail in Medical Malpractice Action

Defendants also argue that Plaintiffs relied on the position that Heather was legally disabled to prevail in the Medical Malpractice Action and Plaintiffs cannot now change their position in order to prevail in this action. However, Plaintiffs did not prevail on any issue in the Medical Malpractice Action by contending that Heather was disabled. It is undisputed that the court in the Medical Malpractice Action merely denied a motion for summary judgment on the issue of the statute of limitations, finding that there were genuinely disputed facts as to Heather's disability. (DSF Par. 25). The statute of limitations argument was still available to the defendants at trial in the Medical Malpractice Action. Thus, Plaintiffs had not won any conclusive victory on the merits of the statute of limitations defense in the Medical Malpractice Action. Finally, although Defendants contend that Plaintiffs somehow benefitted in the Medical Malpractice Action from their taking a position that Heather was legally disabled, Plaintiffs would not even have had to take such a

position if Defendants had filed the Medical Malpractice Action in a timely fashion. The issue of disability merely arose as part of an attempt to alleviate the effects of the negligence of Defendants.

### 3. Decision to Settle With New Counsel

Defendants also argue that Plaintiffs cannot place any blame on Defendants for the settlement amount because, even after Plaintiffs retained counsel, Plaintiffs agreed to settle the case for $170,000 and did not proceed to trial. However, Plaintiffs were not obligated to risk spending additional funds and proceed to trial. The fact that the defendants in the Medical Malpractice Action had a potential defense that would defeat Plaintiffs' case without even getting to the merit increased the risk that Plaintiffs would face at trial. Plaintiffs are not contending that Defendants failed to negotiate a fair price for Plaintiffs' claims. Thus, the fact that Plaintiffs retained new counsel did not alter the value of their case. Plaintiffs contend that the fair price for their claims was reduced due to Defendants' negligence. Whether Defendants' negligence reduced the value of Plaintiffs' claims and how much, if any, is for the trier of fact to resolve.

### 4. Requirement to Show that Heather Was Not Legally Disabled

Defendants also argue that Plaintiffs must show that Heather was not disabled in order to establish proximate cause for any malpractice claim. As part of a negligence claim under Illinois law, a plaintiff must show that the "negligence

proximately caused damage to the client." *N. Ill. Emergency Physicians v. Landau, Omahana & Kopka, Ltd.,* 837 N.E.2d 99, 107 (Ill. 2005). Defendants argue that if Heather was in fact disabled, the Medical Malpractice Action was filed in a timely fashion. However, whether Plaintiffs could have ultimately prevailed on the statute of limitations issue at trial in the Medical Malpractice Action is not directly at issue. The undisputed facts show that absent Defendants' negligence in failing to file the Medical Malpractice Action within the 8-year statute of repose, the statute of limitations would not have even been an issue. While Defendants can present arguments as to the weakness of the statute of limitations defense, such evidence does not foreclose the negligence claims in this case. Plaintiffs argue that the availability of that defense caused Plaintiffs' claims to be worth less. Plaintiffs are not seeking summary judgment as to damages and the amount of the reduction of the value in their claims, if any, can be determined at trial by the trier of fact.

### 5. Equitable Doctrine

Another important consideration is that the doctrine of judicial estoppel that Defendants seek to invoke is an equitable doctrine. *See Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006)(indicating that "[j]udicial estoppel is an equitable doctrine" and thus the equities must also at least be given some consideration). The equities clearly disfavor its application in this case. The undisputed facts show that Defendants were negligent in not initiating the Medical Malpractice Action in a timely fashion. The record reflects that Defendants, acting as counsel for Plaintiffs,

convinced Plaintiffs to take a certain legal position in order to attempt to mitigate Defendants' own negligence. It would be patently unfair for Defendants to be able to bind Plaintiffs to that position, when it was Defendants themselves who advised Plaintiffs in the Malpractice Action and who were responsible for the entire situation concerning the statute of repose and the need to present tolling arguments. *See, e.g., Mungo v. Taylor*, 355 F.3d 969, 981–82 (7th Cir. 2004)(internal quotations omitted)(agreeing with lower court that "[i]t would hardly be appropriate for the attorney who gave . . . bad advice to say that because [his] client testified in accordance with that bad advice that [his] client is estopped from asserting that the advice [is] bad"). Therefore, based on the above, Plaintiffs' partial motion for summary judgment on the issue of whether Defendants breached the standard of care by failing to initiate the Medical Malpractice Action within the 8-year statute of repose is granted.

II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on all claims. Defendants argue that Plaintiffs have failed to point to evidence that shows that Heather was not legally disabled. However, as explained above, Plaintiffs are not required to establish that conclusion in order to prevail in this action. Defendants also contend that Plaintiffs are judicially estopped from arguing that Heather was not legally disabled. However, as indicated above, the prior legal representations were made by Defendants themselves in order to rectify their own negligence and the doctrine of

11

judicial estoppel is not applicable in this instance.  Defendants also argue that Plaintiffs gave evidence to show that Heather was legally disabled and cannot blame Defendants for taking that position.  However, Plaintiffs merely gave testimony as to facts.  It was Defendants that presented the legal positions as to whether Heather was legally disabled.  Finally, Defendants contend that Plaintiffs had an opportunity with new counsel to decline to settle the case.  However, as explained above, regardless of whether Plaintiffs retained new counsel, it is the value of Plaintiffs' claims in light of Defendants negligence that is at issue in this case.  Therefore, based on the above, Defendants' motion for summary judgment is denied.

## CONCLUSION

Based on the foregoing analysis, Plaintiffs' partial motion for summary judgment is granted and Defendants' motion for summary judgment is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   November 30, 2011